**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- X

SARAH RAMOS, ANGEL SUAREZ, and WILLIAM
SUAREZ,

                              Plaintiffs,

    -against-

THE CITY OF NEW YORK, a municipal entity;
Sgt. ANGEL BONES (Tax No. 905804), Det.
ABDIEL ANDERSON (Shield No. 1429), Det.
JOSE MARRERO (Shield No. 3452), Det. DAVID
J. ROBERTS (Shield No. 2338), P.O. JONATHAN
WALLY (Tax No. 932225), and New York City
Police Officers "JOHN and/or JANE DOES" Nos. 1,
2, 3, etc. (whose identity are unknown but who are
known to be personnel of the New York City Police
Department), all of whom are sued individually and
in their official capacities.

                              Defendants.
------------------------------------------------------------------- X

<u>15-CV-6085 (ER)(SN)</u>

**FIRST AMENDED**
**COMPLAINT**

**JURY TRIAL**

      Plaintiffs SARAH RAMOS, ANGEL SUAREZ, and WILLIAM SUAREZ, by their

attorneys, Beldock Levine & Hoffman LLP, as and for their complaint against the defendants

named above allege as follows:

<u>PRELIMINARY STATEMENT</u>

      1.     This civil rights action seeks redress under 42 U.S.C. § 1983 and New York State

Law for injuries PLAINTIFFS sustained from the unconstitutional conduct of defendants THE

CITY OF NEW YORK, Sgt. ANGEL BONES (Tax No, 905804), Det. ABDIEL ANDERSON

(Shield No. 1429), Det. JOSE MARRERO (Shield No. 3452), Det. DAVID J. ROBERTS (Shield

No. 2338), P.O. JONATHAN WALLY (Tax No. 932225), and New York City Police Department police officers "JOHN and/or JANE DOES" Nos. 1, 2, 3, etc.

2.      On August 2, 2012, PLAINTIFFS were going about routine activities at or about a community garden they maintain in the Bronx, New York, when they were besieged by several police officers brandishing guns who, without reasonable suspicion or any other legal justification, ordered them to get on the ground and then searched and handcuffed them. The police officers additionally destructively searched the community garden and needlessly shot and killed PLAINTIFFS' dog. Although there was no legal basis for the searches and even though nothing illegal was found on PLAINTIFFS or at the garden, the police officers arrested PLAINTIFFS and falsely charged them with Criminal Possession of a Controlled Substance and related charges. The baseless charges against PLAINTIFFS were eventually dismissed. As a result of defendants' unlawful actions, PLAINTIFFS were held in custody for approximately fifty-six (56) hours and forced to return to court fourteen (14) times.

3.      PLAINTIFFS seek (i) compensatory damages for loss of liberty, physical injury, psychological and emotional distress, and other injuries caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), as this action seeks redress for the violation of PLAINTIFFS' constitutional and civil rights.

5.      Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state constitutional or common law claims that are so related to the federal claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

6.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to PLAINTIFFS' claims took place.

## JURY DEMAND

7.      PLAINTIFFS demand a trial by jury in this action on each and every one of their claims for which jury trial is legally available.

## THE PARTIES

8.      Plaintiff SARAH RAMOS ("SARAH") is a Latin-American citizen of the United States, who is and was at all times relevant to this complaint a resident of Bronx County, City and State of New York.

9.      Plaintiff ANGEL SUAREZ ("ANGEL") is a Latin-American citizen of the United States, who is and was at all times relevant to this complaint a resident of Bronx County, City and State of New York.

10.     Plaintiff WILLIAM SUAREZ ("WILLIAM") is a Latin-American citizen of the United States, who is and was at all times relevant to this complaint a resident of Bronx County, City and State of New York.

11.     Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a

police department and does maintain the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers.

12.     Defendant Sgt. ANGEL BONES ("BONES") (Tax No, 905804, )Det. ABDIEL ANDERSON ("ANDERSON") (Shield No. 1429), Det. JOSE MARRERO ("MARERRO") (Shield No. 3452), Det. DAVID J. ROBERTS ("ROBERTS") (Shield No. 2338), P.O. JONATHAN WALLY ("WALLY") (Tax No. 932225), and and "JOHN and/or JANE DOES" Nos. 1, 2, 3, etc., ("DOES") are NYPD police officers who unlawfully detained, searched, and arrested PLAINTIFFS without suspicion of any illegal activity, lodged false criminal charges against them, and caused him to be maliciously prosecuted.

13.     At all times relevant herein, defendants BONES, ANDERSON, MARERRO, ROBERTS, WALLY, and DOES were NYPD Police Officers.  Upon information and belief, defendants BONES, ANDERSON, MARERRO, ROBERTS, WALLY, and DOES are still NYPD Police Officers.

14.     At all times relevant herein, defendant police officers BONES, ANDERSON, MARERRO, ROBERTS, WALLY, and DOES acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the CITY and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the CITY and/or the NYPD.

15.     At all times relevant herein, defendant police officers BONES, ANDERSON, MARERRO, ROBERTS, WALLY, and DOES violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution and under

4

equivalent New York State constitutional provisions, of which reasonable police officers in their circumstances would have known.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

16.     PLAINTIFFS served Notices of Claim upon the CITY on July 2, 2015, within ninety (90) days of the events giving rise to their New York state and common law claims.

17.     More than thirty (30) days have elapsed since PLAINTIFFS served their Notices of Claim and the CITY has not offered adjustment or payment thereof.

18.     This action is filed within one year of the events giving rise to PLAINTIFFS' New York state and common law claims.

## STATEMENT OF FACTS

19.     At approximately 11:30 a.m. on August 2, 2012, SARAH went to a community garden that she, her husband, and her friends help maintain on the lot located at or about 2317 Morris Avenue, Bronx, New York.

20.     When SARAH arrived at the community garden, she saw her husband ANGEL, ANGEL's brother, Julio Suarez, who was watering plants, and David George, who was cleaning up the garden.

21.     SARAH spoke with ANGEL, and then ANGEL left the community garden, along with Julio, to go to the bodega on 183rd and Morris Avenue.

22.     Before ANGEL was able to get to the store, he was stopped by several police officers who grabbed him and ordered him on the ground.

23.     The police officers then placed ANGEL in handcuffs.

24.     The police officers searched ANGEL and removed approximately $365 in United States currency from his pants pocket.

25.    Upon information and belief, the police officers did not find any evidence of illegal activity on ANGEL.

26.    While waiting for ANGEL to return, SARAH made a phone call on her cell phone in an effort to track some shoes she had ordered.

27.    While SARAH was on the phone, WILLIAM showed up at the community garden.

28.    Upon arriving, WILLIAM went to check on SARAH's dog, which was kept in the back of the community garden.

29.    While SARAH was still on the phone and while WILLIAM was still in the back of the garden with SARAH'S dog, several police officers in plain clothes rushed into the garden brandishing guns.

30.    One police officer knocked SARAH's phone out of her hand, put a gun to her head, and told her to get on the ground.

31.    Other police officers pointed guns at David George and ordered him to get on the ground.

32.    Police officers then searched SARAH and David George and placed them in handcuffs.

33.    Upon information and belief, the police officers did not find any evidence of illegal activity on SARAH or David George.

34.    Other police officers went to the back of the garden, pointed guns at WILLIAM and told him to get on the ground.

35.    SARAH's dog was frightened by the commotion and ran under a shed.

36.    WILLIAM asked the police officers to let him put a leash on the dog.

37.     The police officers ignored WILLIAM's request and placed him in handcuffs.

38.     One of the police officers removed approximately $3786 from WILLIAM's pant pocket, money that WILLIAM was supposed to deposit in the bank for his wife.

39.     Upon information and belief, the police officers did not find any evidence of illegal activity on WILLIAM.

40.     One of the police officers then fired approximately seven (7) shots at SARAH's dog, killing it.

41.     SARAH was terrified from hearing shots being fired and began crying because she thought the police officers had shot WILLIAM.

42.     SARAH realized that WILLIAM was not shot when the police officers brought him to the front of the garden.

43.     ANGEL was brought back to the garden by police officers.

44.     One of the police officers told SARAH, ANGEL, and WILLIAM to tell them where the drugs were.

45.     SARAH, ANGEL, and WILLIAM told the police officers that they did not know what they were talking about.

46.     The police officers told SARAH, ANGEL, and WILLIAM that if they did not give them some drugs, they were going to tear the garden apart.

47.     SARAH, ANGEL, and WILLIAM again told the police officers that they did not know what they were talking about.

48.     Police officers then proceeded to tear the garden apart.

49.     The search of the community garden was without probable cause or legal justification.

50.     The arrest of PLAINTIFFS was without probable cause or legal justification.

51.     While police officers tore the garden apart, SARAH, ANGEL, and WILLIAM were placed in shackles and in a police van.

52.     SARAH, ANGEL, and WILLIAM were eventually taken to the 46th Precinct.

53.     At the 46th Precinct, SARAH, ANGEL, and WILLIAM were paraded in front of other police officers, including police officer Jose Cintron who ANGEL then had a pending lawsuit against for, *inter alia*, falsely arresting ANGEL and beating him up at the 46th Precinct.

54.     Several police officers laughed at PLAINTIFFS and said things like, "Yes, we got them!"

55.     PLAINTIFFS were strip searched at the 46th Precinct.

56.     The police officers did not recover any contraband as a result of their strip searching PLAINTIFFS.

57.     PLAINTIFFS were never told why they were being strip searched.

58.     The strip searches were illegal, unauthorized and contrary to applicable laws and regulations.

59.     After being strip searched, PLAINTIFFS were then transported to the 48th Precinct and placed in holding cells.

60.     Eventually, PLAINTIFFS were taken out of the holding cell one-at-a-time and brought to a room where they were questioned by members of Internal Affairs.

61.     The members of Internal Affairs questioned PLAINTIFFS about the shooting of SARAH's dog.

62.     PLAINTIFFS were eventually transported from the 48th Precinct to Bronx Central Booking.

63.    At Bronx Central Booking, PLAINTIFFS were again searched.

64.    PLAINTIFFS eventually saw lawyers at Bronx Central Booking and were brought before a judge for arraignment.

65.    At arraignment, PLAINTIFFS were charged with Criminal Sale of a Controlled Substance in the third degree and Criminal Possession of a Controlled Substance in the third and seventh degrees (NYPL 220.39, 220.16, and 220.03).

66.    The charges were based on information that detectives MARRERO and ROBERTS allegedly provided to detective ANDERSON.

67.    According to ANDERSON, MARRERO claimed to have seen a woman approach and converse with SARAH.  MARRERO then claims SARAH took the woman to ANGEL and David George and that ANGEL then gave the woman "small objects" in exchange for money.

68.    According to ANDERSON, ROBERTS claimed to have observed WILLIAM with thirty-eight (38) plastic twist bags of crack cocaine on him, which he threw to the ground.

69.    Upon information and belief, the charges against PLAINTIFFS were maliciously lodged by the individual defendants, were entirely fabricated, and without legal justification.

70.    PLAINTIFFS pled "not guilty" at arraignment.

71.    PLAINTIFFS were all released on their own recognizance at approximately 8:30 p.m. on August 4, 2012, after having spent approximately fifty-six (56) hours in custody.

72.    After being arraigned, PLAINTIFFS were compelled to return to Bronx County Criminal Court approximately fourteen (14) times before all the charges against them were dismissed on June 10, 2015.

73.     Defendants' conduct caused PLAINTIFFS to suffer loss of liberty, physical injury, emotional and psychological pain, embarrassment, humiliation, harm to their reputation, and deprived them of their constitutional rights.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – Violations of Fourth and Fourteenth Amendment Rights**

74.     PLAINTIFFS reallege and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

75.     In committing the acts and omissions complained of herein, defendants acted under color of state law to deprive PLAINTIFFS of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

    a.   freedom from unreasonable search and seizure of their person and property;

    b.   freedom from arrest without probable cause;

    c.   freedom from use of excessive force;

    d.   freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion or legal justification, of which wrongful detention PLAINTIFFS were aware and did not consent;

    e.   freedom from the lodging of false charges against them by police officers and prosecutors, including on information and belief, by some or all of the individual defendants;

    f.   freedom from malicious prosecution by police officers and prosecutors, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in PLAINTIFFS' favor; and

    g.   freedom from deprivation of liberty without due process of law.

76.     In committing the acts and omissions complained of herein, defendants BONES, ANDERSON, MARERRO, ROBERTS, WALLY, and DOES breached their affirmative duty to

intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

77.     As a direct and proximate result of defendant NYPD police officers BONES', ANDERSON's, MARRERO's, ROBERTS', WALLYS' and DOES' deprivation of PLAINTIFFS' constitutional rights, PLAINTIFFS suffered the injuries and damages set forth above.

78.     The unlawful conduct of defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### SECOND CAUSE OF ACTION
#### (*Monell* Claim)

79.     PLAINTIFFS  reallege and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

80.     The unconstitutional conduct of defendants BONES, ANDERSON, MARRERO, ROBERTS, WALLY, and DOES was directly and proximately caused by policies, practices, and or customs devised, implemented, enforced, condoned, encouraged, and sanctioned by the CITY.

81.     Upon information and belief, the unlawful types of arrest and prosecution seen in this case are regularly recurring in the Bronx, and particularly in the confines of the 46th Precinct, which circumstances are known to, or should be known to, NYPD supervisors and commanders.

82.     These customs, policies and practices result from inadequate training of police officers, improper written policies and training protocols  of the NYPD, insufficient supervision of NYPD police officers, and a failure to discipline officers who have conducted unlawful stops and/or arrests.

83.     The NYPD's unlawful customs, policies, and practices have caused a large number of Bronx residents, including PLAINTIFFS, to be regularly arrested and charged without any reasonable suspicion or probable cause to believe they had engaged in criminal conduct.

84.     At all relevant times, the CITY, acting through the NYPD and the individual defendants, has implemented, enforced, encouraged, and sanctioned a policy, practice, and/or custom of stopping and arresting people in the Bronx without the reasonable, articulable suspicion of criminality required by the Fourth Amendment, and, in particular, has displayed deliberate indifference toward this widespread practice of unconstitutional stops and arrests in the Bronx.

85.     By displaying deliberate indifference toward a widespread practice of unconstitutional stops and arrests in the Bronx and by the above-mentioned failures, the CITY has caused PLAINTIFFS to be subjected to the violations of their constitutional rights alleged herein.

86.     As a result of the foregoing, PLAINTIFFS suffered the injuries and damages alleged herein.

## THIRD CAUSE OF ACTION
### Violations of the New York State Constitution

87.     PLAINTIFFS  reallege and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

88.     Such conduct breached the protections guaranteed to PLAINTIFFS by the New York State Constitution including, but not limited to, Article I, Secs. 6 and 12, and including the right to be free from malicious prosecution by police officers and prosecutors, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in

PLAINTIFF'S favor.

89.     The deprivation of PLAINTIFFS' rights under the New York State Constitution resulted in the injuries and damages set forth above.

## FOURTH CAUSE OF ACTION
### Malicious Prosecution

90. PLAINTIFFS reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

91. Defendant NYPD police officers BONES, ANDERSON, MARERRO, ROBERTS, WALLY, and DOES, through the foregoing acts, maliciously commenced a criminal proceeding against PLAINTIFFS, which ended in their favor, without probable cause to believe PLAINTIFFS were guilty of the crimes charged or any crimes.

92. Defendant NYPD police officers BONES, ANDERSON, MARERRO, ROBERTS, WALLY, and DOES committed the foregoing acts intentionally, willfully, and maliciously, and are therefore liable for punitive damages.

## FIFTH CAUSE OF ACTION
### *Respondeat Superior*

93. PLAINTIFFS reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

94. At all relevant times, defendant NYPD police officers BONES, ANDERSON, MARERRO, ROBERTS, WALLY, and DOES were employees of the City and were acting within the scope of their employment.

13

95. The CITY is therefore vicariously liable under the common law doctrine of *respondeat superior* for the actions of defendant NYPD police officers BONES, ANDERSON, MARERRO, ROBERTS, WALLY, and DOES set forth herein.

## **DEMAND FOR RELIEF**

**WHEREFORE**, PLAINTIFFS demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from defendant NYPD police officers BONES, ANDERSON, MARERRO, ROBERTS, WALLY, and DOES to the extent allowable by law;

(c) attorney's fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 21, 2015

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, Suite 2600
New York, New York 10016
(212) 490-0400

__/s/ Marc A. Cannan__
Myron Beldock
Marc A. Cannan

*Attorneys for Plaintiffs Sarah Ramos,*
*Angel Suarez, and William Suarez*

14