UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH RAMOS, ANGEL SUAREZ, and WILLIAM SUAREZ,

         Plaintiffs,

- against -

CITY OF NEW YORK, DETECTIVE ABDIEL ANDERSON, DETECTIVE JOSE MARRERO, DETECTIVE DAVID J. ROBERTS, SERGEANT ANGEL BONES, POLICE OFFICER JONATHAN WALLY, and JOHN and/or JANE DOES,

         Defendants.

**OPINION AND ORDER**

15 Civ. 6085 (ER)

Ramos, D.J.:

  Plaintiffs Sarah Ramos, Angel Suarez, and William Suarez bring this action pursuant to 42 U.S.C. § 1983 and New York State law against the City of New York, Detectives Abdiel Anderson, Jose Marrero, and David J. Roberts, Sergeant Angel Bones, and Police Officer Jonathan Wally (together, "Defendants"). Plaintiffs assert claims for, among other things, unreasonable search and seizure, false arrest, false imprisonment, and malicious prosecution in violation of their Fourth and Fourteenth Amendment rights. On July 31, 2017, the Court granted in part and denied in part Defendants' motion for summary judgment (the "Order").[1] (Doc. 85). Specifically, the Court granted Defendants Anderson, Roberts, and Bones summary judgment on Plaintiffs' false arrest, unreasonable search and seizure, and malicious prosecution claims but denied summary judgment on Plaintiffs' claims against Defendant Marrero.

---

[1] The facts and procedural history of this case are discussed in the Order, familiarity with which is presumed.

Defendants now move, pursuant to Local Civil Rule 6.3, for partial reconsideration of the Order, arguing that the Court should dismiss Plaintiffs' malicious prosecution claim against Detective Marrero. (Doc. 88) Plaintiffs also move for partial reconsideration of the Court's dismissal of Plaintiffs' malicious prosecution claim. (Doc. 90).

For the reasons set forth below, Defendants' motion is GRANTED and Plaintiffs' motion is DENIED.

## I. Legal Standard

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration or reargument of a court's order on a motion only where the court has overlooked controlling decisions or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); see also Local R. 6.3. "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation marks omitted). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for

2

reconsideration must be denied." *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

A motion for reconsideration under Local Rule 6.3 is not a substitute for appeal, *Boart Longyear Ltd. v. Alliance Indus., Inc.*, 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512-13 (S.D.N.Y. 2009). "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Boart Longyear Ltd.*, 869 F. Supp. 2d at 418 (quoting *Makas v. Orlando*, No. 06 Civ. 14305 (DAB), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008)) (internal quotation marks omitted); *see, e.g., Anwar v. Fairfield Greenwich Ltd.*, 884 F. Supp. 2d 92, 96 (S.D.N.Y. 2012) ("The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided."); *see also Assoc. Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (motion for reconsideration is not "an occasion for repeating old arguments previously rejected").

Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court. *Premium Sports Inc. v. Connell*, No. 10 Civ. 3752 (KBP), 2012 WL 2878085, at *1 (S.D.N.Y. June 11, 2012) (citing *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## II. Plaintiffs' Motion

Plaintiffs claim that Detective Marrero's testimony about witnessing the drug sale was necessary to secure their indictment on the criminal possession and criminal possession with intent to sell charges. Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration ("Pls. Memo") (Doc. 90) at 3. They further assert that because the Court found that there was a

3

question as to whether Detective Marrero actually witnessed the drug transaction, there "necessarily" has to be a question regarding whether he saw William throw an object over the fence. *Id.* Plaintiffs also assert that because there is a question as to whether the drugs were "illegally retrieved," the malicious prosecution claims should not have been dismissed. *Id.* at 4.

The Court finds that Plaintiffs are improperly attempting to relitigate issues already determined by the Court. "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion ... the motion for reconsideration must be denied." *Vento v. Handler*, No. 12 Misc. 228 (PGG), 2013 WL 12084505, at *2 (S.D.N.Y. Nov. 25, 2013), *aff'd sub nom. Vento v. Handler, Thayer & Duggan, LLC*, 586 F. App'x 610 (2d Cir. 2014) (citing *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008)).

In the Order, the Court found that Plaintiffs did not overcome the presumption created by the indictment as to the criminal possession and possession with intent to sell charges. Although the Court found that the differences in Detective Marrero's deposition and GO-15 testimony created an issue of fact as to whether he actually saw the initial drug transaction, it did not create an issue of fact as to the subsequent observations that lead to the seizure of drugs from William Suarez. Upon reviewing the record, the Court held that no reasonable juror would find that the differences in Detective Anderson's deposition testimony suggests that *no* drugs were found and that the indictment was thus procured in bad faith. Thus, this Court addressed and rejected these arguments in its Order. Accordingly, Plaintiffs' motion for reconsideration is DENIED.

### III. Defendants' Motion

Defendants argue that the Court should have dismissed the federal malicious prosecution

4

claim[2] against Detective Marrero, as a matter of law, because Plaintiffs would be unable to show an independent post-arraignment deprivation liberty as required by Section 1983. Memorandum of Law in Support of Defendants' Motion for Reconsideration ("Defs. Memo") (Doc. 88) at 3. Specifically, Defendants claim that because the Court found that Plaintiffs had not overcome the presumption of probable cause with respect to the charges of possession of a controlled substance and possession with intent to sell, Plaintiffs will not be able to show an independent post-deprivation liberty with respect to the prosecution on the criminal sale charge. *Id.* Since all of the charges were included in the same indictment, Plaintiffs were obligated to appear in court for the possession charges regardless of the appropriateness of the criminal sale charges.

"To establish a claim for malicious prosecution under New York law, a plaintiff must show '(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor.'" *Mitchell v. Victoria Home*, 434 F. Supp. 2d 219, 226 (S.D.N.Y. 2006) (quoting *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 417 (2d Cir. 1999)). However, under Section 1983, in addition to the state law elements, a plaintiff must also assert that there was "a sufficient post-arraignment liberty restraint to implicate plaintiff's Fourth Amendment right[]" to be free of unreasonable seizure. *Id.* (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)) (internal quotation marks omitted). "The contested criminal charge allegedly causing the deprivation of liberty must be independent from other legally sufficient charges arising out of the same incident." *Flynn-Rodriguez v. Cheng*, No. 14 Civ. 2287 (JWB), 2017 WL 3278889, at *2 (E.D.N.Y. Aug. 1, 2017) (citing *Coleman v. City of New York*, No. 16-915, WL 1422485, at*1 (2d Cir. Apr. 21, 2017)

---

[2] Defendants do not move for reconsideration of Plaintiffs' state malicious prosecution claim.

(finding that assault charge did not give rise to independent deprivation of liberty where other charges arising out of the same indictment were supported by probable cause)); *Othman v. City of New York*, No. 13 Civ. 4771 (NGG), 2015 WL 1915754, at *6 (E.D.N.Y. Apr. 27, 2015) (dismissing claim of malicious prosecution because plaintiff failed to allege a "deprivation of liberty that stems exclusively from those charges that may have terminated in his favor."); *see also Walker v. Sankhi*, 494 F. App'x 140, 143 (2d Cir. 2012) ("Walker could not have suffered a deprivation of liberty as a result of the Bellamy burglary charge because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate burglary charge, of which he was ultimately convicted.").

Here, the charges against Plaintiffs arise out of the same indictment. Thus, because the Court found that Plaintiffs did not overcome the presumption created by the indictment as to the criminal possession and possession with intent to sell charges, Plaintiffs will not be able to establish that they suffered an independent deprivation of liberty by appearing for court. Accordingly, Defendants' motion for reconsideration is GRANTED and Plaintiffs' malicious prosecution claim pursuant to Section 1983 against Detective Marrero is DISMISSED.

## IV. Conclusion

For the reasons set forth above, Defendants' motion for partial reconsideration is GRANTED and Plaintiffs' motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motions, Docs. 87, 89.

It is SO ORDERED.

Dated: August 16, 2017
New York, New York

Edgardo Ramos, U.S.D.J.