UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH RAMOS et al.,

        Plaintiffs,

– against –

THE CITY OF NEW YORK et al.,

        Defendants.

**OPINION AND ORDER**

15 Civ. 6085 (ER)

Ramos, D.J.:

  Familiarity with the above-captioned action is presumed. Before the Court is Plaintiffs' appeal of the Clerk of Court's taxation of costs. Doc. 139. For reasons explained below, Plaintiffs' appeal is GRANTED in part and DENIED in part, and the taxation of costs against Plaintiffs is reduced from $2,405.68 to $2,146.48.

**I. BACKGROUND**

  On August 3, 2015, Plaintiffs Sarah Ramos, Angel Suarez, and William Suarez filed suit against the City of New York and several members of the New York City Police Department (collectively, "Defendants"), alleging several claims arising from their arrests on August 2, 2012. Doc. 1. Years of litigation ensued.

  On April 18, 2019, following a four-day jury trial, a jury returned a verdict in favor of Defendants on all claims. Doc. 129.

  On May 3, 2019, The Court denied Plaintiffs' letter motion for judgment notwithstanding the verdict, judgment as a matter of law, and/or a new trial pursuant to Rule 50 of the Federal

Rules of Civil Procedure. Doc. 132. That same day, the Court entered judgment in favor of Defendants, dismissed Plaintiffs' complaint, and terminated the action. Doc. 131.[1]

On May 30, 2019, Defendants filed a timely notice of taxation of costs and bill of costs, pursuant to which Defendants sought, as the prevailing party, an award of $2,653.80 in costs against Plaintiffs. Doc. 135.

On June 13, 2019, Plaintiffs filed timely objections to Defendants' bill of costs, arguing that Defendants' bill should be denied insofar as it (1) taxed Plaintiffs for costs related to the deposition of non-party Julio Suarez, (2) taxed Plaintiffs for two copies of each original deposition transcript instead of one copy, (3) taxed Plaintiffs for the stenographer's appearance fees; and (4) taxed Plaintiffs for the deposition transcripts' word indexes. Doc. 137 at 4.

On June 17, 2019, the Clerk of Court reduced Defendants' bill of costs by striking the cost for the second copy of each deposition transcript and striking the stenographer's appearance fees, resulting in a taxation of costs in the amount of $2,405.68. *See* Doc. 138. The Clerk took several steps to reach that figure. For example, Defendants originally sought $658.40 in costs related to Plaintiff Sarah Ramos's deposition, comprised of (1) $608.40 charged by Diamond Reporting & Legal Video ("Diamond") for her 153-page original deposition transcript and 16-page word index, plus two copies; and (2) $50 charged by Diamond for the stenographer's appearance at her deposition. *See* Doc 138 at 11. In taxing costs, the Clerk of Court first struck the $50 charge for the stenographer's appearance. *Id.* Next, to estimate how much of the remaining $608.40 was due to the *second* copy of Sarah Ramos's original deposition transcript, the Clerk of Court multiplied the number of pages in the original deposition transcript (153) by

---

[1] In their letter motion to the Court, Plaintiffs "respectfully reserve[d] the right" to move for a new trial within 28 days following the entry of judgment, pursuant to Rule 59 of the Federal Rules of Civil Procedure. Doc. 132. To date, however, Plaintiffs have not moved for a new trial pursuant to Rule 59. *See* Fed. R. Civ. P. 59(c) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment.").

Diamond's stated charge for each page of a photocopied transcript ($0.12), resulting in an estimated cost of $18.36. *Id.* Then, the Clerk of Court subtracted $18.36 from $608.40, apparently so that the final number, $590.04, would represent the cost of Sarah Ramos's original deposition transcript and word index, plus one copy of each.[2] *Id.* The Clerk of Court repeated this methodology with respect to the deposition costs for Angel Suarez, William Suarez, and Julio Suarez, yielding a final award of $2,405.68. *Id.* at 1.

Notably, in taxing costs, the Clerk of Court implicitly rejected Plaintiffs' requests not to be taxed for (1) costs related to Julio Suarez's deposition and (2) word indexes.

On June 24, 2019, Plaintiffs timely appealed the Clerk of Court's taxation of costs.

## II.    LEGAL STANDARD

Rule 54 of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Construing this provision, the Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016). Pursuant to § 1920, the Court, or the Clerk of Court, may tax as costs the following:

> (1) [f]ees of the clerk and marshal; (2) *[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case*; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees . . . ; [and] (6) [c]ompensation of court

---

[2] Given that the Clerk of Court did not expressly subtract the costs of the word index to Sarah Ramos's original deposition transcript or any of its copies, the Court presumes that the $590.04 includes the cost of the original deposition transcript plus one copy, along with the cost of the original word index plus *two* copies.

3

> appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

(Emphasis added).

Local Civil Rule 54.1 further outlines the costs taxable in this district and controls to the extent that it addresses a particular cost. *See Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 70 (S.D.N.Y. 2015). Relevant here, Local Rule 54.1(c)(2) provides the following:

> Unless otherwise ordered by the Court, *the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety*. Costs for depositions are also taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion. *Costs for depositions taken solely for discovery are not taxable.*

(Emphases added). Notwithstanding that the text of Local Rule 54.1 refers only to the recovery of costs related to deposition transcripts actually *used* during dispositive motion practice or trial, "courts in this District have repeatedly construed the local rules as authorizing a court to tax the costs of a deposition transcript if, at the time the deposition was taken, the deponent's testimony appeared to be reasonably necessary to the litigation." *Endo Pharm. Inc. v. Amneal Pharm., LLC*, No. 12 Civ. 8115 (JPO), 2019 WL 2417386, at *5 (S.D.N.Y. June 10, 2019) (internal quotation marks omitted) (collecting cases).

If the Clerk of Court taxes costs against a non-prevailing party, that party has seven days to appeal the Clerk's decision to the Court. Fed. R. Civ. P. 54(d)(1). "A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question [it]self." *Whitfield*, 241 F.3d at 269 (internal quotation marks omitted).

## III. DISCUSSION

Plaintiffs raise two objections to the Clerk of Court's taxation of costs.

4

*First*, Plaintiffs argue that the Clerk of Court improperly taxed them for certain costs related to Julio Suarez's deposition. Doc. 140 at 1, 3–4. According to Plaintiffs, Defendants took Julio Suarez's deposition "purely for discovery purposes" and therefore costs related to his deposition are not taxable. *Id.* at 1. Plaintiffs contend that "Julio Suarez was not a witness to any of the events that were at issue in this lawsuit" and point out that neither they nor Defendants listed Julio Suarez as an individual likely to have discoverable information in their initial disclosures. *Id.* at 3. What's more, Plaintiffs note that while Defendants chose to take Julio Suarez's deposition, they did not use his deposition in their motion for summary judgment or any other dispositive motion; did not list him as a witness that they intended to call at trial; did not call him as a witness during trial; and did not use his transcript at trial. *Id.*

In response, Defendants maintain that while Julio Suarez's transcript was not used at trial, his deposition nonetheless was "reasonably necessary at the time it was taken," and, therefore, they remain entitled to certain costs incurred in taking his deposition. Doc. 143 at 3. In support of their decision to depose Julio Suarez, Defendants rely heavily on the fact that while neither party identified Julio Suarez in their initial disclosures, Plaintiffs—in response to Defendants' interrogatories—later identified Julio Suarez as a person who witnessed, was present at, or had knowledge of the incidents at issue in this action. *Id.*

Plaintiffs rejoin by noting that Defendants deposed each of them prior to deposing Julio Suarez, during which time Defendants learned that Julio Suarez left the "community garden" immediately after Plaintiffs arrived. Doc 144 at 1–2. Thus, according to Plaintiffs, Defendants were on notice that Julio Suarez would not have any pertinent information regarding Plaintiffs' purported drug transaction, their arrests, or the shooting of their dog. *See id.*

The Court agrees with Defendants that Julio Suarez's deposition was reasonably necessary to the litigation. The litigation turned entirely on whether Defendants lacked probable to arrest Plaintiffs for myriad drug offenses and to shoot their dog, who was present at the scene. And Julio Suarez testified in his deposition that he witnessed Plaintiffs in the community garden on the morning of the incident, heard several shots being fired, and actually witnessed part of Plaintiffs' arrests. *See* Doc. 142-3 at 14:2–24. Against this backdrop of facts, the Court finds unavailing Plaintiffs' contention that Julio Suarez's deposition was not reasonably necessary. Therefore, the Court concludes that Plaintiffs are responsible for at least some of the costs related to Julio Suarez's deposition.

*Second*, Plaintiffs object to Defendants' bill of costs insofar as the bill taxes Plaintiffs for the cost of the word index for each original deposition transcript, plus two copies. Doc. 140 at 1. Plaintiffs ask the Court to deduct the costs of the word indexes by first multiplying the number of word index pages for each deposition by $3.60—the "per page transcript unit cost" Defendants' contract with Diamond called for in exchange for each page of an original deposition transcript, plus two copies—and then reducing the total costs award by that number. *See* Doc. 4–5 (citing Doc. 136 ¶¶ 15–16). Using Plaintiffs' methodology, this results in a net reduction of $259.20.[3]

Defendants concede, and the Court agrees, that transcript index pages are not taxable as prevailing party costs. *See* Doc. 143 at 2; *accord Caravalho v. City of New York*, 13 Civ. 4174

---

[3] This figure is computed as follows:

- Sarah Ramos's deposition transcript: 16 pages of word index * $3.60 = $57.60;
- Angel Suarez's deposition transcript: 27 pages of word index * $3.60 = $97.20;
- William Suarez's deposition transcript: 22 pages of word index * $3.60 = $79.20; and
- Julio Suarez's deposition transcript: 7 pages of word index * $3.60 = $25.20 (and $57.60 + $97.20 + $79.20 + $25.20 = $259.20.)

*See* Doc. 138 at 11, 13, 15, 17.

(PKC), 2018 WL 5312886, at *5 n.5 (S.D.N.Y. Oct. 26, 2018) (collecting cases). However, Defendants offer a different cost methodology. To calculate the costs of one original deposition transcript plus *one* copy (exclusive of any word index), Defendants urge the Court first to take the total number of pages of each original deposition transcript (excluding index pages) multiplied by $3.60 (the "per page transcript unit cost"), and then to add the total number of pages of the original transcript (excluding index pages) multiplied by $0.12 (the cost for each page of photocopied transcript, according to Diamond). Doc. 143 at 4–5 (citing Doc. 136 ¶¶ 15–16). By way of example, because Sarah Ramos's original deposition transcript was 153 pages, Defendants believe they are entitled to $569.16 in costs related thereto (i.e., 153 * $3.60 + 153 * $0.12 = $569.16). *Id.*

The Court finds that Defendants' methodology results in inflated costs. As Plaintiffs correctly point out, because the $3.60 "per page transcript unit cost" already includes the cost of the original transcript page *plus* two additional copies, *see* Doc. 136 ¶¶ 14–15, to accept Plaintiffs' methodology would be to, in effect, charge Plaintiffs for an original deposition transcript plus *three* additional copies.

After careful consideration, the Court adopts Plaintiffs' methodology as fair, reasonable, and appropriate. Therefore, the Clerk of Court's taxation of costs will be reduced by $259.20.

## IV.  CONCLUSION

For the reasons explained above, Plaintiffs' motion to appeal the Clerk of Court's taxation of costs is GRANTED in part and DENIED in part. Defendants, as the prevailing party in this litigation, are awarded $2,146.48 in costs. The $2,146.48 in costs awarded includes both the $20.00 docketing fee under 28 U.S.C. § 1923 and the following costs for the original deposition transcript of each plaintiff and Julio Suarez, plus one copy:

7

- Sarah Ramos: $532.44 ($590.04 originally taxed less $57.60 for the word indexes)

- Angel Suarez: $779.52 ($876.72 originally taxed less $97.20 for the word indexes)

- William Suarez: $657.92 ($737.12 originally taxed less $79.20 for the word indexes)

- Julio Suarez: $156.60 ($181.80 originally taxed less $25.20 for the word indexes)

The Clerk of Court is respectfully directed to (1) modify the taxation of costs to conform with the aforementioned figure and (2) to terminate the motion, Doc. 139.

It is SO ORDERED.

Dated: July 21, 2019
New York, New York

Edgardo Ramos, U.S.D.J.